| | |
|---|---|
| STENNETT & STENNETT<br>JOHN P. STENNETT  Bar No. 72815<br>501 W. Broadway, Suite 1340<br>San Diego, California 92101<br>Telephone: (619) 544-6888<br>Facsimile: (619) 233-3796<br><br>Attorneys for Plaintiff<br>MARK ROBERTSON | FILED<br><br>2007 SEP 19  PM 3: 58<br><br>CLERK US DISTRICT COURT<br>SOUTHERN DISTRICT OF CALIFORNIA<br><br>BY_____DEPUTY |

SEDGWICK, DETERT, MORAN & ARNOLD LLP
BRUCE D. CELEBREZZE  Bar No. 102181
DENNIS G. ROLSTAD  Bar No. 150006
ERIN A. CORNELL  Bar No. 227135
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Defendants
ORACLE CORPORATION LONG TERM DISABILITY PLAN, ORACLE CORPORATION, and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK ROBERTSON,<br><br>    Plaintiff,<br><br>    v.<br><br>ORACLE CORPORATION LONG TERM DISABILITY PLAN; ORACLE CORPORATION; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendants. | CASE NO. CV 06-02815 LAB (RBB)<br><br>**STIPULATION FOR PROTECTIVE ORDER OF HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S BMS REFERENCE MANUAL AND [~~PROPOSED~~] ORDER** |

Plaintiff Mark Robertson and defendant Oracle Corporation Long Term Disability Plan ("the Plan"), Oracle Corporation ("Oracle"), and Hartford Life and Accident Insurance Company ("Hartford") hereby STIPULATE and AGREE as follows:

    1.    In connection with discovery proceedings in this action, Hartford will produce its BMS Reference Manual ("Manual") in effect as of November, 2006 under the designation

1  "Confidential." Pursuant to the Court's Order filed on September 10, 2007, the Manual is
2  Confidential information which has not been made public and which concerns Hartford's
3  business practices, including claims handling and analysis regarding disputed coverage issues,
4  the disclosure of which information may have the effect of causing harm to the competitive
5  position of Hartford and its presently and/or formerly related entities.
6        2.    In addition to the Manual, in connection with the proceedings in this action, the
7  Plan, Oracle, Hartford and plaintiff may designate such other certain documents, material,
8  testimony, or other information derived therefrom as "Confidential" under the terms of this
9  Stipulation and Stipulated Protective Order.  The terms of this Protective Order will also apply to
10 such certain other documents designated as "Confidential."
11       3.    By designating a document, including documents kept in electronic form, thing,
12 material, testimony or other information derived therefrom as "Confidential," under the terms of
13 this stipulation, Hartford is certifying to the court that there is a good faith basis both in law and
14 in fact for the designation.
15       4.    Confidential documents shall be so designated by stamping copies of the
16 document produced to a party with the legend "CONFIDENTIAL." Stamping the legend
17 "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the
18 document as confidential, unless otherwise indicated by the producing party.
19       5.    Testimony taken at a deposition, conference, hearing or trial may be designated as
20 confidential by making a statement to that effect on the record at the deposition or other
21 proceeding.  Arrangements shall be made with the court reporter taking and transcribing such
22 proceeding to separately bind such portions of the transcript containing information designated as
23 "Confidential", and to label such portions appropriately.
24       6.    The material designated as "Confidential" under this Stipulation, the information
25 contained therein, and any summaries, copies, abstracts, or other documents derived in whole or
26 in part from material designated as confidential (hereinafter "Confidential Material") shall be
27 used only for the purposes of the prosecution, defense, or settlement of this action, and for no
28 other purpose.

7. Confidential Material produced pursuant to this Stipulation may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

    a. in-house counsel of a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b. experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    c. court reporter(s) employed in this action;

    d. a witness at any deposition or other proceeding in this action; and

    e. any other person as to whom the parties in writing agree.

8. Depositions shall be taken only in the presence of qualified persons.

9. Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10. If plaintiff intends to reference the BMS Manual in any papers filed with the Court, plaintiff will first notify defendants. Defendants will, within ten (10) days of plaintiff's written notification, move to lodge the relevant BMS Manual with the Court under seal, and thereafter the parties may reference the BMS Manual in any papers filed with the Court. If any portion of the BMS Manual is included or quoted in any papers filed with the Court, the party filing such papers shall move to file them under seal, or in the alternative, shall file the papers with those portions of the BMS Manual included or quoted in the papers redacted, and shall provide the Court with an unredacted Chamber's Copy.

11. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

12. This Stipulation shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is

confidential or whether its use should be restricted or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Stipulation shall not be deemed to prejudice the parties in any way in any future application for modification of this Stipulation. This Stipulation shall be effective between the parties irrespective of whether the Court executes this Stipulation and Proposed Order.

13. This Stipulation is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Stipulation nor the production of any information or document under the terms of this Stipulation nor any proceedings pursuant to this Stipulation shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

14. This Stipulation shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to the producing party all documents, material and deposition transcripts designated as confidential by that producing party, and all copies of same, or shall certify the destruction thereof.

IT IS SO STIPULATED.

DATED: September 4, 2007      STENNETT & STENNETT

By: _____
JOHN P. STENNETT
Attorneys for Plaintiff
MARK ROBERTSON

| | |
|---|---|
| DATED: September 14 2007 | SEDGWICK, DETERT, MORAN & ARNOLD LLP<br><br>By: _____<br>DENNIS G. ROLSTAD<br>ERIN A. CORNELL<br>Attorneys for Defendants<br>ORACLE CORPORATION LONG TERM DISABILITY PLAN, ORACLE CORPORATION, and HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY |

### ORDER

IT IS SO ORDERED.

DATED: 9/19/2007

_____
HONORABLE ~~LARRY A. BURNS~~ RUBEN BROOKS
UNITED STATES ~~DISTRICT~~ JUDGE
                    ∧ MAGISTRATE